IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 12-cv-01891-MSK

In re: TERRY KENNETH VICKERY

       Debtor.

RICHARD K. DIAMOND, Chapter 7 Trustee for IVDS Interactive Acquisition Partners, L.P., a Florida general partnership,

       Plaintiff/Appellee,

v.

TERRY KENNETH VICKERY,

       Defendant/Appellant.

_____

**ORDER STAYING AND ADMINISTRATIVELY CLOSING CASE**
_____

**THIS MATTER** comes before the Court *sua sponte*. It is an appeal from a Judgment determining Non-dischargeability of a Debt entered by the United States Bankruptcy Court for the District of Colorado. Having considered the record, the Court

**FINDS** and **CONCLUDES** that:

**I.**     **Factual Background**

In an adversary proceeding before the Bankruptcy Court, Mr. Diamond sought a determination that a pre-bankruptcy judgment entered against Mr. Vickery was non-dischargeable under 11 U.S.C. § 523(a)(2), (4), and (6). The Bankruptcy Court found that Mr. Diamond's claims under § 523(a)(2) and (4) were without merit, but determined that the debt was non-disdischargeable under § 523(a)(6).

Mr. Vickery appealed from the Bankruptcy Court's Judgment with regard to its determination under § 523(a)(6) to the Bankruptcy Appellate Panel of the Tenth Circuit ("BAP"), pursuant 28 U.S.C. §§ 158(b)-(c) and Fed. R. Bankr. P. 8001(a). Mr. Diamond timely filed a cross-appeal with the BAP challenging the determinations made by the Bankruptcy Court under §§523(a) (2) and (4), and arguably, (6). Then, Mr. Diamond filed a notice electing to have the District Court hear both his cross-appeal and Mr. Vickery's appeal.[1] The BAP granted Mr. Diamond's election to have the District Court hear Mr. Vickery's appeal and transferred it to this Court, but denied Mr. Diamond's election to have the District Court hear the cross-appeal as untimely. Thus, Mr. Diamond's cross-appeal is before the BAP, and Mr. Vickery's appeal is before this Court. This Court exercises jurisdiction in this matter pursuant to 28 U.S.C. § 158(a)(1).

**II.   Discussion**

This case presents the Court with a procedural anomaly. The appeal and cross-appeal from the Bankruptcy Court's Judgment have been severed and are pending before two courts. The issues overlap, are based on the same facts, and arise from a single Judgment. The appeal before the BAP is briefed and appears to be proceeding. The question presented is whether this Court should to proceed to determine Mr. Vickery's appeal at this time.

---

[1] 28 U.S.C. § 158(c)(1) states:

> Subject to subsections (b) and (d)(2), each appeal under subsection (a) shall be heard by a 3-judge panel of the bankruptcy appellate panel service established under subsection (b)(1) unless—
>
> (A) the appellant elects at the time of filing the appeal; or
> (B) any other party elects, not later than 30 days after service of notice of the appeal;
>
> to have such appeal hear by the district court.

The Court concludes that resolution of Mr. Vickery's appeal at this time is not in the best interest of the parties or an efficient use of judicial resources. In addition, two courts considering the same issues may reach inconsistent results which could require yet another level of appeal.

Under these circumstances imposition of a stay of this matter until the BAP has completed its review is appropriate. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). Federal courts have relied upon this principle to stay proceedings in which similar or identical litigation was simultaneously pursued in another court. *See e.g. In re Kozney* 236 F.3d 615 (10th Cir. 2000); *Ventura v. David's Bridal*, 248 F.3d 1139 (5th Cir. 2001); *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817, 96 S.Ct. 1236 (1976). Because the Court is unaware of when the BAP will rule on the appeal before it, this matter will be administratively closed, to be reopened upon request by either party.

**IT IS THEREFORE ORDERED** that:

1. This matter is stayed. The Clerk of the Court shall administratively close this case.
2. Following the BAP's resolution of Mr. Diamond's cross-appeal, either party may move to re-open this case.

DATED this 14th day of February, 2013

        **BY THE COURT:**

        *Marcia S. Krieger*
        _____
        Marcia S. Krieger
        United States District Judge